FILED
CHARLOTTE, NC

MAR - 8 2022

US DISTRICT COURT
WESTERN DISTRICT OF NC

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>v. )<br>)<br>ANA YORLING RUGAMA SANCHEZ )<br>) | Docket No. 1:22-mj-15-WCM<br><br>**BILL OF INFORMATION**<br><br>Violations:<br>15 U.S.C. § 2615(b)(1)<br>18 U.S.C. § 2 |

**THE UNITED STATES CHARGES:**

At the specified times and at all times relevant to this Bill of Information:

### STATUTORY AND REGULATORY BACKGROUND
### FOR THE TOXIC SUBSTANSES CONTROL ACT

1. The Toxic Substances Control Act (TSCA), Title 15, U.S. Code, Section 2615(b), provides, "Any person who knowingly or willfully violates any provision of section 2614 or 2689 of this title, shall, …be subject, upon conviction, to a fine of not more than $50,000 for each day of violation, or to imprisonment for not more than one year, or both."

2. 15 U.S.C. § 2614(1) provides that it shall be unlawful for any person to fail or refuse to comply with any requirement of subchapter II or any rule promulgated or order issued under subchapter II [15 U.S.C. §§ 2641-2656].

3. 15 U.S.C. § 2646(a)(3) of TSCA provides, in relevant part, that a person may not design or conduct response actions, other than the type of action described in sections 2643(f) and 2644(c) of this title, with respect to friable asbestos-containing material in a public or commercial building, unless such person is accredited by a State under subsection (b) or is accredited pursuant to an Administrator-approved course under subsection (c).

4. Under 15 U.S.C. § 2646(b)(1), the EPA was required to develop a model

accreditation plan for states to give accreditation to persons who inspect and design and carry out response plans in public or commercial buildings. The federal regulations implementing the provisions of TSCA at 40 C.F.R. Part 763, Subpart E, Appendix C, sets forth a Master Accreditation Plan (MAP) that, among other things, requires the use of trained and accredited asbestos professionals when conducting asbestos inspections or designing or conducting response actions at schools and public and commercial buildings. It provides guidance to States on the minimum training requirements for accrediting asbestos professionals.

5. Each State shall adopt a contractor accreditation plan at least as stringent as the model plan developed by the Administrator under 15 U.S.C. § 2646 (b)(1) of TSCA. The State of North Carolina has an asbestos contractor accreditation program administered by the North Carolina Department of Health and Human Services (NCDHHS) that, among other things, accredits asbestos training providers and issues asbestos licenses to workers and supervisors in the State of North Carolina under North Carolina General Statute, Chapter 130A, Public Health, Article 19.

6. Under the MAP regulations, any person who performs asbestos work requiring accreditation under 15 U.S.C. 2646(a) without such accreditation is in violation of TSCA. The following persons are not accredited for purposes of 15 U.S.C. 2646(a): (a) Any person who obtains accreditation through fraudulent representation of training or examination documents; (b) any person who obtains training documentation through fraudulent means; (c) any person who gains admission to and completes refresher training through fraudulent representation of initial or previous refresher training documentation; or (d) any person who obtains accreditation through fraudulent representation of accreditation requirements such as education, training, professional

*2 of 7*

Case 1:22-mj-00015-WCM   Document 1   Filed 03/08/22   Page 2 of 7

registration, or experience. 40 C.F.R. Part 763, Subpt. E, App. C.

## ALLEGATIONS

7. NovaCor Consulting Group, LLC ("NovaCor") was at all times relevant to this Bill of Information engaged in the business of training asbestos workers for purposes of obtaining certificates required by the State of North Carolina to work in asbestos abatement, and providing temporary workers to conduct asbestos abatement. NovaCor was located at 55 Shiloh Road, Suite 2, Asheville, North Carolina 28803; and had satellite offices at 5620 Concord Parkway South, Suite 202, Concord, North Carolina 28027; and 8024 Glenwood Avenue, Suite 104, Raleigh, North Carolina 27612. Additionally, once a certificate has been obtained through NovaCor's certificate program, it can be used to obtain a license to abate asbestos in all 50 of them.

8. Defendant ANA YORLING RUGAMA SANCHEZ (hereinafter "SANCHEZ") was NovaCor's asbestos training coordinator. Defendant SANCHEZ and NovaCor personnel assisted in filling out State licensing paperwork for asbestos workers and used NovaCor's addresses and contact number as the employee's home contact information. Defendant SANCHEZ's office was in NovaCor's Concord location.

9. V.P. is an asbestos abatement supervisor, licensed in the State of North Carolina, and an asbestos worker trainer accredited in the State of North Carolina. V.P. worked in the asbestos abatement industry for more than two decades. He also worked for NovaCor, providing training for at least one asbestos worker course.

10. Ana Yorling Rugama SANCHEZ asked V.P. to provide asbestos abatement refresher training on June 9, 2018, in Concord, North Carolina; however, as she was aware, he did not

conduct that training. At Ana Yorling Rugama SANCHEZ's request, V.P. signed false certificates of course completion for the asbestos worker refresher as the instructor for students he did not instruct and that did not fulfill the required training. The certificates were submitted to regulators from NCDHHS for the purpose of obtaining asbestos worker licenses.

11. ANA YORLING RUGAMA SANCHEZ provided asbestos abatement training on June 30, 2018 in Concord, North Carolina, for both inexperienced workers as part of their required initial training and experienced workers as part of their required refresher training. However, as previously noted, one trainer cannot provide training to both categories of workers at the same time. As a result, the refresher students attended one day (June 30, 2018) only of a four-day asbestos worker initial training course in Concord, North Carolina, intended for new entrants into the industry. ANA YORLING RUGAMA SANCHEZ signed the certificates of refresher course completion using V.P.'s name and signature as the instructor for students he did not instruct, that did not fulfill the required training, and for a course that was registered to take place in Raleigh, North Carolina. ANA YORLING RUGAMA SANCHEZ then had the certificates submitted to regulators from NCDHHS for the purpose of obtaining asbestos worker licenses.

12. An NCDHHS employee audited the June 30, 2018, asbestos abatement training courses scheduled by NovaCor in Raleigh, North Carolina, and observed that the course did not take place. However, ANA YORLING RUGAMA SANCHEZ issued certificates as if the course was completed and had them submitted to NCDHHS to obtain asbestos worker licenses for the purported attendees.

## COUNT ONE
## (TSCA Violation – Illegal Certification for Asbestos Training)

13. The United States realleges and incorporates by reference all of the allegations contained in paragraphs 1 through 12 of this Bill of Information into each and every count in this Bill of Information.

14. On or about June 9, 2018, in Buncombe County, within the Western District of North Carolina, and elsewhere, the defendant,

**ANA YORLING RUGAMA SANCHEZ,**

did knowingly and willfully fail and refuse to comply with an Asbestos Hazard Emergency Response Act regulation, that is, she caused one or more persons to be falsely certified as having completed asbestos abatement training as required by the State of North Carolina pursuant to 40 C.F.R. 763 and Title 15, United States Code, Sections 2614 and 2646, when she knew they had in fact not conducted said training, in violation of Title 15, United States Code, Section 2615(b)(1), and did aid and abet the same, in violation of Title 18, United States Code, Section 2.

Case 1:22-mj-00015-WCM   Document 1   Filed 03/08/22   Page 5 of 7

## COUNT TWO
## (TSCA Violation – Illegal Certification for Asbestos Training)

15. The United States realleges and incorporates by reference all of the allegations contained in paragraphs 1 through 12 of this Bill of Information into each and every count in this Bill of Information.

16. On or about June 30, 2018, in Buncombe County, within the Western District of North Carolina, and elsewhere, the defendant,

**ANA YORLING RUGAMA SANCHEZ,**

did knowingly and willfully fail and refuse to comply with an Asbestos Hazard Emergency Response Act regulation, that is, she caused one or more persons to be falsely certified as having completed asbestos abatement training as required by the State of North Carolina pursuant to 40 C.F.R. 763 and Title 15, United States Code, Sections 2614 and 2646, when she knew they had in fact not conducted said training, in violation of Title 15, United States Code, Section 2615(b)(1), and did aid and abet the same, in violation of Title 18, United States Code, Section 2

## NOTICE OF FORFEITURE

Notice is hereby given of 18 U.S.C. § 982 and 28 U.S.C. § 2461(c). Under Section 2461(c), criminal forfeiture is applicable to any offenses for which forfeiture is authorized by any other statute, including but not limited to 18 U.S.C. § 981 and all specified unlawful activities listed or referenced in 18 U.S.C. § 1956(c)(7), which are incorporated as to proceeds by Section 981(a)(1)(C). The following property is subject to forfeiture in accordance with Section 982 and/or 2461(c):

    a. All property which constitutes or is derived from proceeds of the violations set forth in this bill of information; and

    b. If, as set forth in 21 U.S.C. § 853(p), any property described in (a) cannot be located upon the exercise of due diligence, has been transferred or sold to, or deposited with, a third party, has been placed beyond the jurisdiction of the court, has been substantially diminished in value, or has been commingled with other property which cannot be divided without difficulty, all other property of the defendant/s to the extent of the value of the property described in (a).

DENA J. KING
UNITED STATES ATTORNEY

_[signature]_
_____
STEVEN R. KAUFMAN
ASSISTANT UNITED STATES ATTORNEY