IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:22-MJ-15-WCM

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | ORDER |
| ) | |
| ANA YORLING RUGAMA SANCHEZ ) | |
| ) | |
| _____ ) | |

This matter is before the Court on Defendant's Motion for Early Termination of Probation. Doc. 27.

I. Relevant Background

In a Bill of Information filed on March 8, 2022, Defendant was charged with two counts of falsely certifying one or more persons as having completed asbestos abatement training. Doc. 1. A plea agreement and factual basis document were filed at the same time. Docs. 3, 4.

On March 18, 2022, Defendant appeared with her counsel[1] before the Court for multiple proceedings. Her guilty plea as to both counts was accepted at that time.[2]

On May 18, 2022, a Joint Sentencing Recommendation was filed. In that document, the Government, joined by Defendant, recommended that the Court

---

[1] Counsel had previously been appointed for Defendant.
[2] The parties consented for the matter to proceed before a United States Magistrate Judge.

1

sentence Defendant to two (2) years of probation, a fine of $1000, and 60 hours of community service, and further that Defendant be directed to comply with "the other standard conditions of probation that apply in this District." Doc. 21. The Joint Sentencing Memorandum also stated that "[a]fter the Defendant has served at least one year of probation, if she has fully paid her fine, performed all of her community service hours, and has been fully compliant with her terms of probation, the United States will not oppose early termination of probation." Id. at 1.

At the conclusion of a sentencing hearing on May 25, 2022, the Court sentenced Defendant to two (2) years of probation each on Counts 1 and 2, to run concurrently for a total term of two (2) years. Defendant was also ordered to pay a fine of $1500 and a special assessment of $50. A Judgment and Statement of Reasons were filed the following day. Docs. 24, 25.

## II. Discussion

The early termination of a term of probation is authorized by 18 U.S.C. §3564, which reads in pertinent part as follows:

> (c) Early termination.--The court, after considering the factors set forth in section 3553(a) to the extent that they are applicable, may, pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation, terminate a term of probation previously ordered and discharge the defendant at any time in the case of a misdemeanor or an infraction or at any time after the expiration of one year of probation in the case of a felony, if it is satisfied

> that such action is warranted by the conduct of the
> defendant and the interest of justice.

Here, Defendant requests that the Court "terminate her probation early because she has thoroughly complied with all conditions for the first 12 months of the 24-month probation term." Doc. 27 at 1. The Motion advises that Defendant's probation officer confirms Defendant is compliant with all terms of her probation, has fully paid her restitution, and is employed. Id. The Government does not object to the early termination of Defendant's probation. Id. at 2.

Upon review of the Motion and the full record, the Court is not persuaded that the early termination of Defendant's probation is appropriate.

While the Joint Sentencing Memorandum advised that the Government would not oppose the early termination of probation after one year if Defendant was in full compliance with the terms of her sentence, the Court did not include such a provision in its sentence and Judgment. That is, Defendant was not promised early termination of her probation after one year if she complied with the conditions of her sentence. To the contrary, as discussed during the sentencing hearing, Defendant was aware that while she was free to request the early termination of her probation, the decision whether to grant such relief remained in the Court's discretion and would be made at the time such a request was submitted.

Consequently, Defendant's request must be analyzed pursuant to 18 U.S.C. §3564 and may be granted if the Court is satisfied that the early termination of Defendant's probation is warranted by the conduct of Defendant and is in the interest of justice.

The Motion, though, does not provide sufficient information upon which the undersigned could make such a finding. While the Motion does state that Defendant has to this point complied with the terms of her probation, that fact does not warrant granting the relief Defendant now seeks. See United States v. Sutton, No. 4:19-MJ-1146-RJ, 2021 WL 1807261, at *3 (E.D.N.C. May 5, 2021) ("the fact that Sutton has complied with his conditions of probation to date is not a compelling reason to terminate his probation….") (citing United States v. Payne, No. 1:17-CR-142, 2020 WL 2813438, at *1 (E.D. Tex. May 29, 2020) (denying motion to terminate probation and stating that courts "have routinely found that 'mere compliance with the conditions of probation' does not warrant early termination of a probation term, as such behavior is required by law") (quoting United States v. Salazar, 693 Fed. Appx 565, 566 (9th Cir. 2017), and collecting cases including United States v. Acosta-Triana, No. CR 01-0817 (ES), 2017 WL 4786559, at *2 (D.N.J. Oct. 23, 2017) (finding general compliance with probation terms to be "insufficient to terminate probation"); United States v. Ferrell, 234 F. Supp. 3d 61, 64 (D.D.C. 2017) (concluding that full compliance with the terms of probation, good behavior, and hope to take

advantage of career advancement opportunities did not warrant early termination); United States v. Rusin, 105 F. Supp. 3d 291, 292 (S.D.N.Y. 2015) (stating that full compliance with probation conditions is what is expected of defendants)).

**IT IS THEREFORE ORDERED THAT** Defendant's Motion for Early Termination of Probation (Doc. 27) is **DENIED**.

Signed: July 20, 2023

W. Carleton Metcalf
United States Magistrate Judge